IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | No. 15-40866 |
| EHC, LLC, an Illinois Limited Liability ) | Chapter 11 |
| Company, ) | |
| ) | |
| Debtor/Debtor in Possession. ) | |

| | |
|---|---|
| EHC, LLC, an Illinois Limited Liability Company, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary |
| ) | No. |
| v. ) | |
| ) | |
| STEVEN DEGRAFF and MUCH SHELIST, P.C., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, EHC, LLC, an Illinois Limited Liability Company ("EHC"), as Debtor and Debtor in Possession, by and through its undersigned attorney, as and for its Complaint against Steven Degraff ("DEGRAFF") and Much Shelist, P.C. ("MUCH SHELIST"), states as follows:

### JURISDICTION, VENUE AND PARTIES

1. Jurisdiction is proper in this Court as to this Adversary Proceeding pursuant to 28 U.S.C. Section 1334 (b) in that this action arises under and/or is related to Debtor's bankruptcy Proceeding. This is an Adversary Proceeding pursuant to Federal Rule 7001 which relates to the Chapter 11 proceeding regarding EHC, LLC docketed as Case No.15-40866.

2. This Adversary proceeding is a "core" proceeding within the meaning of 28 U.S.C. Section 157 (b) (2) (A) and (O).

3. Venue is proper in this Court under 28 U.S.C. Section 1409(a).

4. EHC is an Illinois Limited Liability Company with its principal place of business located at 36 W. Randolph Street Chicago, Cook County, Illinois. EHC is an owner of the real property located at 36 W. Randolph Street Chicago, Cook County, Illinois ("Property").

5. Defendant DEGRAFF is an Illinois resident and licensed Illinois attorney with his principal place of business located at 191 N. Wacker Drive Suite 1800, Chicago, Cook County, Illinois.

6. Defendant MUCH SHELIST is a law firm and Illinois corporation located at 191 N. Wacker Drive Suite 1800 Chicago, Cook County, Illinois. DEGRAFF is the Corporate Secretary of MUCH SHELIST, and is employed by and is a partner of Defendant MUCH SHELIST. See Exhibit "A".

7. 36 Holdings, LLC is an Illinois Limited Liability Company ("36 Holdings"), which has a principal place of business located at 191 N. Wacker Drive Suite 1800 Chicago, Cook County, Illinois. Defendant DEGRAFF is one of two members of 36 Holdings. The other member is attorney Harold Dembo ("DEMBO"), who is also employed by and is a partner of MUCH SHELIST.

8. 36 Holdings purportedly holds a mortgage and note with respect to the Property.

9. By this Complaint, Plaintiff seeks monetary damages against Defendants DEGRAFF and MUCH SHELIST for the intentional interference with Plaintiff's Business Expectancies and Business Relations.

## BACKGROUND FACTS

10. EHC was the mortgagor pursuant to a mortgage held by Lakeside Bank on the Property. In April, 2015, 36 Holdings purportedly purchased said mortgage and underlying note from Lakeside Bank. Based on information and belief the note and mortgage were purchased from

2

Lakeside Bank for $4 million. The mortgage was further cross collateralized with commercial real estate in Des Plaines, Illinois and vacant land in Green Bay Wisconsin. The EHC Property along with the two other collateralized real estate parcels combined are valued over $8 million.

11. Due to various flaws with the alleged sale, EHC states 36 Holdings is not the proper owner of said mortgage and note.

12. On June 22, 2015 36 Holdings filed a mortgage foreclosure action against the Property and EHC in the Circuit Court of Cook County, Illinois Case No. 15 CH 09675 ("Foreclosure").

13. EHC filed a Voluntary Petition pursuant to Chapter 11 of the United States Bankruptcy Code on October 22, 2015, Case No. 15-35952, to seek the protection of the Bankruptcy Court. EHC filed a second Voluntary Petition under Case No. 15-40866.

14. EHC entered into a Purchase and Sale Agreement on November 4, 2015 ("Agreement") with 3L Real Estate LLC ("Purchaser") for the sale of the Property in the amount of $6 million with a scheduled closing date of December 15, 2015. Upon the closing of this transaction the mortgage on the Property would be fully paid. This Agreement was forwarded to counsel for 36 Holdings Larry Karlin. Further, the contract was filed with the U.S. Bankruptcy Court for the Northern District of Illinois. *See* Agreement attached hereto as Exhibit "B".

15. Counsel for EHC made several attempts to schedule the closing of the sale of the Property with the Purchaser's attorney Ardyth Eisenberg for the agreed upon date of December 15, 2015. The purchaser did not schedule the closing for the agreed upon date.

16. Based on their failure to schedule a closing with EHC, representatives of 3 L Real Estate, LLC, the Purchasers, requested to personally meet with representatives of the Seller. This

meeting took place on December 11, 2015 at Plaintiff's offices.

17.     During said meeting representatives of Purchaser, Joe Slezak, and David LaBunski met with counsel for EHC, LLC, Lisa Rogers, and a representative of EHC, LLC, Robert J. Voegel.

18.     While at the meeting Joe Slezak advised Lisa Rogers and Robert J. Voegel that during a business networking event of the Lincoln Park Builders of Chicago on November 12, 2015 at the Germania Club in Chicago, Illinois ("LPBOC Event") Defendant DEGRAFF sought out both Joe Slezak and David LaBunski to speak to them about the sale of the Property and the Agreement. Defendant MUCH SHELIST was a *"Bronze Sponsor"* of the LPBOC event. See list of LPBOC Event sponsors attached as Exhibit "C". See also MUCH SHELIST sponsorship announcement of the LPBOC Event on MUCH SHELIST website attached hereto as Exhibit "D". This November 12, 2015 communication by Defendant DEGRAFF to the Purchaser was made post-petition. *(Based on information and belief attorney DEMBO was also present at the LPBOC Event and Plaintiff is currently researching and contemplating adding DEMBO as an additional Defendant).*

19.     At this place and time, DEGRAFF, an attorney and partner with the firm of MUCH SHELIST knew the Purchaser was represented by counsel, Ardyth Eisenberg. However, DEGRAFF individually, and as partner and agent of MUCH SHELIST intentionally communicated with the principal of the Purchaser Joe Slezak. This conversation between DEGRAFF and Slezak lasted over fifteen (15) minutes.

20.     Instead of supporting a proposed sale of the mortgaged real estate that his LLC was foreclosing on, and obtaining a payoff of the monies allegedly due to it, DEGRAFF to the contrary, intimidated the Purchaser, spoke negatively about EHC'S representative, Robert J. Voegel, and advised Joe Slezak of the following:

a) *EHC would not be able to convey title to Purchaser due to "many issues" (unidentified) that EHC had with 36 Holdings;*

b) *EHC owed 36 Holdings far more than the purchase price of $6 million, and as result, EHC was not able to sell the property to Purchaser* (At the time of making this statement, DEGRAFF knew the loan payoff was less than the purchase price and there were *other* collateralized properties with a value of approximately $2 million that if needed could be used to satisfy the purported mortgage balance and the sale of the Property to this Purchaser would be successful). See Payoff Demand Statement attached hereto as Exhibit "E" issued by 36 Holdings showing a payoff of $5,744,637.52 for **ALL** properties encumbered by the cross collateralized mortgages.

c) *DEGRAFF was "not worried" about the EHC mortgage being paid off, as he would "become the owner of a valuable commercial office building in the heart of downtown Chicago on Randolph Street" through the pending foreclosure.*

*See* Affidavit of Lisa Rogers attached hereto as Exhibit "F".

21. Due to these statements made by DEGRAFF on November 12, 2015 Slezak advised the parties during the December 11, 2015 meeting, that on behalf of Purchaser, he consulted with several attorneys. According to Slezak, the attorneys advised him not to schedule a closing. Based on DEGRAFF'S November 12, 2015 communication to Slezak, Slezak was in fear of being sued by 36 Holding, LLC if he scheduled a closing.

22. Based on the foregoing representations made by DEGRAFF, the Purchaser advised it does not intend to schedule a closing of the Property.

23. The Purchaser who executed the Contract was financially able to close on the Property. However, as the direct result of the fictitious and intentional misrepresentations made by

DEGRAFF, EHC is now unable to close on the Agreement, and thereby has incurred significant damages.

## COUNT I
## INTENTIONAL INTERFERENCE WITH BUSINESS EXPECTANCY
### (Against DEGRAFF)

24. As and for Paragraph 24, EHC restates and incorporates by reference Paragraphs 1 through 23 of this Complaint.

25. When EHC executed and agreed to the terms the subject Agreement on November 4, 2015, it had reasonable expectations of a continuing business relationship with the Purchaser, pursuant to which EHC would sell the Property to the purchaser for a price at or in excess of $6 million.

26. Through the communications in which EHC forwarded the Agreement to Larry Karlin, attorney for 36 Holdings, and DEGRAFF'S communication with the Purchaser, DEGRAFF was aware of EHC's expectancies. EHC states DEGRAFF and 36 Holdings did not want the secured mortgage on the Property to be paid off, rather Defendant DEGRAFF improperly schemed to become the owner of the Property through the pending foreclosure.

27. By making intentionally misleading and false statements to Purchaser as outlined in paragraph 20 of this Complaint, in his scheme to obtain ownership of the Property, DEGRAFF purposefully interfered with EHC's business expectancies and prevented the sale of the Property from closing.

28. As the direct result of DEGRAFF'S successful interference with the Plaintiff's expectancies, EHC has not been able to close the sale of the Property, and has been prevented from

gaining the expected economic benefits of the sale, and has been further prevented from paying off the mortgage on the Property causing it to sustain damages.

WHEREFORE, EHC, LLC respectfully requests that this Honorable Court enter a judgment in its favor and against STEVEN DEGRAFF in an amount to be determined by the evidence presented, including *punitive damages*, and that it take such further action as is deemed just and appropriate.

## COUNT II
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
## (Against DEGRAFF)

29. As and for Paragraph 29, EHC restates and incorporates by reference Paragraphs 1 through 28 of this Complaint.

30. On November 4, 2015, EHC entered into a valid and binding Contract to sell the Property to the Purchaser for a price of $6 million.

31. Through the forwarding of the Agreement to Larry Karlin, attorney for 36 Holdings, and his conversation with the Purchaser, DEGRAFF was aware of the Agreement and the economic relationship between Plaintiff and the Purchaser.

32. Defendant DEGRAFF intentionally interfered with the contractual relationship between EHC and Purchaser by his intentional acts designed to cause a disruption of the contractual relationship between EHC and the Purchaser. DEGRAFF intentionally made false and misleading statements to David LaBunski of Cedar Realty and Joe Slezak of 3L Real Estate, LLC in an effort to cause the Purchaser not to purchase the property, so that DEGRAFF and 36 Holdings could become the owners of the valuable asset, namely the Property, through the foreclosure.

33. As part of his scheme to intentionally interfere with the Agreement, and in furtherance

7

of his plan to become the owner of the Property, DEGRAFF ignored Rule 4.2 of The Illinois Rules of Professional Conduct, and intentionally spoke with the Purchaser's representative Joe Slezak, rather than speaking with Purchaser's attorney, Ardyth Eisenberg. The website of his employer, MUCH SHELIST, indicates DEGRAFF has been recognized by the Leading Lawyers Network. Certainly as a "*Leading Lawyer*" he should be well aware of proper practice. See Exhibit "G".

34. DEGRAFF'S plan to intentionally and tortiously interfere with the Agreement, included the willful circumvention of Purchaser's attorney, and speaking directly to Purchaser. Instead of issuing discovery to Purchaser, the generally accepted process of obtaining information, DEGRAFF intentionally intimidated the Purchaser by speaking directly to Joe Slezak. This all done while attending the LPBOC Event of which his employer MUCH SHELIST was a "*Bronze Sponsor*".

35. As the direct result of DEGRAFF'S intentional and tortious interference with the Agreement and EHC's business relations, EHC's contractual relationship with the Purchaser was disrupted, and the Purchaser will now not close the purchase of the Property. Due to DEGRAFF's intentional and tortious interference with the Agreement, Plaintiff EHC has suffered significant damages.

WHEREFORE, EHC, LLC respectfully request that this Honorable Court enter a judgment in its favor and against STEVEN DEGRAFF in an amount to be determined by the evidence presented, including punitive *damages*, and that it take such further action as is deemed just and appropriate.

## COUNT III
### INTENTIONAL INTERFERENCE WITH BUSINESS EXPECTANCY
### (Against MUCH SHELIST)

36. As and for Paragraph 36, EHC restates and incorporates by reference Paragraphs 1 through 35 of this Complaint.

37. When DEGRAFF communicated with counsel for EHC and DEGRAFF'S own attorney, Larry Karlin, regarding the purported 36 Holdings mortgage on the Property, and the various issues associated therewith, DEGRAFF did so utilizing MUCH SHELIST email and a MUCH SHELIST email address. His own attorney Larry Karlin forwarded relevant emails to sdegraff@muchshelist.com. Mr. Karlin further forwarded and sent the same emails to DEMBO of MUCH SHELIST at hdembo@muchshelist.com. These are both MUCH SHELIST email addresses. See Group Exhibit "H". DEGRAFF is the Corporate Secretary of Defendant MUCH SHELIST.

38. The principal place of business of DEGRAFF and DEMBO'S LLC, 36 Holdings LLC, are the offices of Defendant MUCH SHELIST. See Exhibit "I".

39. At the time DEGRAFF made his intentionally false and misleading statements to Purchaser at the LPBOC Event and business networking affair, sponsored by Defendant MUCH SHELIST, and purposefully interfered with EHC's business expectancies, DEGRAFF was acting as an agent of Defendant MUCH SHELIST.

40. DEGRAFF'S intentionally wrongful statements were made while in the scope of his agency and while furthering the business interests of Defendant MUCH SHELIST. As the employer and principal for DEGRAFF Defendant MUCH SHELIST is responsible for the acts committed by DEGRAFF while in the scope of his agency, including the intentional interference with EHC'S business expectancy. DEGRAFF'S tortious conduct occurred at a business networking event he

attended and was sponsored by MUCH SHELIST.

41. MUCH SHELIST has a duty to supervise and ensure that lawyers who are employed by the firm, such as Defendant DEGRAFF, do not engage in misconduct. See Illinois Rule of Professional Conduct 5.1. Defendant MUCH SHELIST breached its duty as outlined within this Complaint as employee, agent and partner circumvented Rule 4.2 of the Illinois Rules of Professional Conduct by speaking directly to the Purchaser when DEGRAFF knew the Purchaser was represented by an attorney. MUCH SHELIST further breached its duty when DEGRAFF intentionally interfered with Plaintiff's business expectancies.

42. As the direct result of DEGRAFF'S and MUCH SHELIST'S successful interference with the Plaintiff's business expectancies, EHC has not been able to close the sale of the Property, and has been prevented from gaining the expected economic benefits of the sale, and has been further prevented from paying off the mortgage on the Property causing it to sustain damages.

WHEREFORE, EHC, LLC respectfully requests that this Honorable Court enter a judgment in its favor and against MUCH SHELIST, P.C. in an amount to be determined by the evidence presented, including *punitive damages*, and that it take such further action as is deemed just and appropriate.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### (Against MUCH SHELIST)

43. As and for Paragraph 43, EHC restates and incorporates by reference Paragraphs 1 through 42 of this Complaint.

44. When DEGRAFF communicated with counsel for EHC and DEGRAFF'S own

attorney Larry Karlin, regarding the purported 36 Holdings mortgage on the Property, and the various issues associated therewith, DEGRAFF did so utilizing MUCH SHELIST email and a MUCH SHELIST email address. His own attorney, Larry Karlin, forwarded relevant emails to DEGRAFF at sdegraff@muchshelist.com. Mr. Karlin further forwarded and sent the same emails to hdembo@muchshelist.com. These are both MUCH SHELIST email addresses. SEE Group Exhibit "E". DEGRAFF is the Corporate Secretary of Defendant MUCH SHELIST.

45. At the time Defendant DEGRAFF tortiously and intentionally interfered with the contractual relationship and business relations of EHC with the Purchaser by his intentional acts designed to cause a disruption of said contractual relationship at the LPBOC Event and business networking affair sponsored by Defendant MUCH SHELIST, he did so while acting as an agent of Defendant MUCH SHELIST.

46. DEGRAFF'S intentional and tortious interference with the Agreement and EHC'S business relations, was committed while in the scope of his employment and agency with MUCH SHELIST, and while furthering the business interests of MUCH SHELIST. As the employer and principal of DEGRAFF, Defendant MUCH SHELIST is responsible for the acts committed by DEGRAFF while in the scope of his agency including the tortious and intentional interference with EHC'S Agreement and business relations.

47. MUCH SHELIST has a duty to supervise and ensure that lawyers employed by the firm, such as DEGRAFF, do not engage in misconduct. See Illinois Rule of Professional Conduct 5.1. Defendant MUCH SHELIST breached its duty as outlined in this Complaint as its employee, partner and agent circumvented Rule 4.2 of the Illinois Rules of Professional Conduct by speaking directly to the Purchaser when DEGRAFF knew the Purchaser was represented by an attorney. MUCH

SHELIST further breached its duty when DEGRAFF tortiously interfered with Plaintiff's Agreement and business relations.

48. As a direct result of DEGRAFF'S and MUCH SHELIST'S successful interference with Plaintiff's Agreement, EHC has not been able to close on the sale of the Property, and has been prevented from receiving the economic benefit of the sale, and has been further prevented from paying off the mortgage on the Property causing it to sustain damages.

WHEREFORE, EHC, LLC respectfully request that this Honorable Court enter a judgment in its favor and against MUCH SHELIST, P.C. in an amount to be determined by the evidence presented, including punitive *damages*, and that it take such further action as is deemed just and appropriate.

Dated: December 21, 2015

Respectfully Submitted,

EHC, LLC

By: _____/s/ Nikola Duric_____
       One of its Attorneys

Nikola Duric
Duric Law Offices
810 Busse Highway
Park Ridge, IL 60068
(847) 692-3522
duriclaw@att.net